IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01878-BNB

ISAAC JOHN GALINDO,

    Plaintiff,

v.

ANTHONY MARZALES,
OLGA COSTA DAVIS, and
VICTOR REYES,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Isaac John Galindo, is a prisoner who currently is incarcerated at the Weld County Jail in Greeley, Colorado. Mr. Galindo, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the validity of his state court criminal convictions.

    Mr. Galindo has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States

while they acted under color of state law. *Adickes v. S. H. Kress & Co,* 398 U.S. 144, 150 (1970).

Mr. Galindo is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Galindo's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id*. For the reasons stated below, the complaint and the action will be dismissed.

The complaint is not the model of clarity, but Mr. Galindo appears to assert that he was denied a fair trial in Pueblo County criminal case number 09CR710 because Defendant Judge Victor Reyes set an excessive amount for bail and "allow[ed] insubstantial evidence . . . as well as an illegal search warrant." Complaint at 5. He also alleges that Defendant Judge Reyes "made angery [sic] faces which did intimidate appellant." *Id.* at 6. Mr. Galindo further alleges that Defendant District Attorney

Anthony Marzales allowed the judge to set an excessive amount for bail and "overlooked medical motions which created cruel and unusual punishment." *Id.* at 7. Finally, Mr. Galindo asserts that Defendant Probation Officer Olga Costa Davis committed perjury in Pueblo County criminal case number 08M982. *Id.* at 8. Mr. Galindo seeks money damages.

Mr. Galindo's claims for damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Mr. Galindo does not appear to have invalidated his convictions and sentences. Therefore, the Court finds that Mr. Galindo's claims for damages challenging the validity of his state court criminal convictions are barred by the rule in *Heck* and this case will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). However, a *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

The Court also notes that Mr. Galindo's complaint suffers from other deficiencies. Defendant Judge Victor Reyes is absolutely immune from liability in civil rights suits when acting in a judicial capacity unless he acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Reyes was acting in his judicial capacity when he convicted and sentenced Mr. Galindo and,

therefore, was not acting in the clear absence of all jurisdiction. Therefore, the claims Plaintiff asserts against Judge Reyes are barred by absolute judicial immunity.

Mr. Galindo clearly is suing other individuals involved in his criminal proceedings: his probation officer , Olga Costa Reyes, and District Attorney Anthony Marzales. Under *Heck*, he also may not sue these Defendants for damages.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Galindo files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because Mr. Galindo's claims are barred by the rule in *Heck*.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  5th   day of    September         , 2012.

BY THE COURT:


　　s/Lewis T. Babcock
　　LEWIS T. BABCOCK, Senior Judge
　　United States District Court